BROWN *v.* BOARD OF COUNTY COM'RS OF SHERMAN CO.

*(Circuit Court, D. Nebraska. January 3, 1881.)*

1. COUNTY WARRANTS — WHEN VOID — NEBRASKA.— County warrants, issued for the purpose of erecting a county court-house in the state of Nebraska, are void, where their issue was not authorized by a vote of the qualified electors of the county, and no benefit whatever resulted to the county from the issuing of the said warrants.—[ED.

Jury trial waived. Finding of facts.

It is found, from the pleadings and the testimony produced in support thereof, that the county orders in suit were issued by the county commissioners of Sherman county in part payment of the contract price for building a court-house for the county; that the building of a court-house involved the extraordinary expenditure of money, and that no vote of the qualified electors of the county ever authorized the expenditure of money or the issuing of the orders for any such purpose; that no court-house was built and accepted by the county, and no benefit whatever resulted to the county from the issuing of the said warrants; that the warrants are not negotiable securities, and are void for want of proper authority to issue them.

*C. S. Case* and *J. C. Cowin*, for plaintiff.

*Groff & Switzer*, for defendant.

DUNDY, D. J.   Suit is brought on ordinary county orders, or warrants drawn on the county treasurer, to the amount of $3,000.   The orders were drawn on the ninth day of July, 1874, and were presented to the county treasurer, and payment thereof demanded, and indorsed not paid for want of funds, on the eleventh day of July, 1874.   Judgment is demanded for $3,000, with interest at 10 per cent. per annum from July 11, 1874.

The building of a court-house usually involves the necessity for an extraordinary outlay of money, and the necessity of resorting to an extraordinary remedy to raise money and supply the funds to pay therefor.   The ordinary county revenue is usually insufficient, even if available, therefor.   And, when it becomes necessary to build a court-house for the convenience of a county, there is a well-known method provided by law for raising the funds and authorizing the work to be done.   Sections 14, 15, 16, 17, 18, 19, 20, 21, 22, *c.* 13, pp. 234, 235, 236, Gen. St. of Nebraska, fully explain the *modus operandi.*   A county cannot well build a $10,000 court-house with an empty treasury and bankrupt in credit to commence with.   When it is undertaken, disaster usually overtakes the enterprise, as it did in this instance.   Now I must hold that, when a county desires to build a court-house, if it has not on hands a sufficient fund which can be applied in payment for such a purpose without doing violence to principle, it must first submit a proposition to the qualified voters of the county, to get permission to incur such extraordinary indebtedness, and for authority to resort to the extraordinary remedy provided for raising the necessary and appropriate funds therefor.   This was not done.   Without such authority the commissioners could not lawfully contract for the erection of such a building, and without such action on the part of the electors of the county the commissioners were powerless to proceed, however much the building may have been needed. As authority for making such an appropriation of money was wanting, there was no rightful authority for issuing the warrants sued on.   As both acts were wanting in lawful authority

to uphold them, it follows that the warrants are void, and that no recovery can be had on them. This same question has been more fully considered in another case just disposed of, in which Lewis is plaintiff and Sherman county is defendant. That case involved the validity of $5,000 in bonds issued to build a court-house for defendant, and what is said in that case relative to the court-house bonds applies as well to the warrants here under consideration.

Judgment for defendant for costs of suit.